IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON D. MEADOR, | No. CIV S-10-1255-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| D. RUBLE, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names the following as defendants to this action: Ruble, Summerhill, the High Desert State Prison "ISU," and High Desert State Prison. Plaintiff states:

> On January 29, 2008, plaintiff was arrested for battery on a officer w/ a weapon. Plaintiff was placed into the Administrative Segregation Unit. Defendant Ruble, c/o, and defendant Summerhill intentionally left plaintiff's personal property in the cell and allowed other inmates to steal his personal property valued at or near $1,000.00. . . .

Plaintiff cannot state a cognizable claim based on loss of his personal property. Where a prisoner alleges the deprivation of a property interest caused by the unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984). A state's post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983. See Hudson, 468 U.S. at 531 n.11. An available state common law tort claim procedure to recover the value of property is an adequate remedy. See Zinermon, 494 U.S. at 128-29. Because California provides for tort claims such as the one presented in this case, adequate post-deprivation remedies exist which foreclose this federal action.

/ / /

/ / /

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action should not be dismissed for failure to state a claim.  Plaintiff is warned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  See Local Rule 110.

IT IS SO ORDERED.

DATED: November 3, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE