IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GORDON D. MEADOR,   No. CIV S-10-1255-CMK-P

    Plaintiff,

  vs.   ORDER

D. RUBLE, et al.,

    Defendants.

_____/

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's complaint (Doc. 1) and plaintiff's response (Doc. 18) to the court's November 4, 2010, order to show cause.

        In the order to show cause, the court first outlined its statutory screening obligations and then stated:

> Plaintiff names the following as defendants to this action: Ruble, Summerhill, the High Desert State Prison "ISU," and High Desert State Prison. Plaintiff states:
>
> On January 29, 2008, plaintiff was arrested for battery on a officer w/ a weapon.

1

> Plaintiff was placed into the Administrative Segregation Unit. Defendant Ruble, c/o, and defendant Summerhill intentionally left plaintiff's personal property in the cell and allowed other inmates to steal his personal property valued at or near $1,000.00. . . .
>
> Plaintiff cannot state a cognizable claim based on loss of his personal property. Where a prisoner alleges the deprivation of a property interest caused by the unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984). A state's post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983. See Hudson, 468 U.S. at 531 n.11. An available state common law tort claim procedure to recover the value of property is an adequate remedy. See Zinermon, 494 U.S. at 128-29. Because California provides for tort claims such as the one presented in this case, adequate post-deprivation remedies exist which foreclose this federal action.

In response to the order to show cause, plaintiff re-states his claim that defendants are responsible for the loss of his property. Plaintiff does not, however, state any facts or cite to any law which would indicate that the above-cited adequate post-deprivation remedy rule should not apply in this case.

Accordingly, IT IS HEREBY ORDERED that this action is dismissed with prejudice and the Clerk of the Court is directed to enter judgment and close this file.

DATED: December 1, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE